1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMONT L. CALHOUN,

11             Plaintiff,              No. CIV S-11-2239 GEB EFB P
             vs.
12

13   GOMEZ, et al.,

14             Defendants.            <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  Plaintiff has paid the filing fee.  This proceeding was referred to this court by Local

18   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19        Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

22   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

23   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

24   relief." *Id.* § 1915A(b).

25        In order to avoid dismissal for failure to state a claim a complaint must contain more than

26   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1

1   of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

2   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4          Furthermore, a claim upon which the court can grant relief has facial plausibility.

5   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

8   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

9   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

10  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

11         A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

12  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

13  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

14  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

15  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

16         The court has reviewed plaintiff's complaint and will dismiss it with leave to amend

17  pursuant to 28 U.S.C. § 1915A.  The allegations in plaintiff's complaint are so vague and

18  conclusory that the court cannot determine whether the current action is frivolous or fails to state

19  a claim for relief.  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.

20  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

21  (9th Cir. 2009).

22         Plaintiff claims that on June 16, 2011, he informed officials he needed to be placed on

23  suicide watch.  He states that defendants Green and Merriweather came to escort plaintiff from

24  his cell.  Plaintiff states he told these defendants he would not leave his cell if defendants Young

25  or Gomez had anything to do with the escort.  Plaintiff does not allege why he made this

26  statement.  Plaintiff claims defendant Green and Merriweather lied and set plaintiff up to be hurt

2

by Young and Gomez because they escorted plaintiff to a cell where defendants Young and Gomez were waiting.  Plaintiff does not allege any facts showing whether Green or Merriweather had any reason to believe plaintiff would be hurt by Young or Gomez.  Young purportedly said to plaintiff "just wait until I get you outside."  Plaintiff alleges he resisted Young and Gomez by planting his feet and pulling the opposite direction from the yard door and that Gomez grabbed plaintiff's left biceps and forced him to the ground.  Apparently, plaintiff was charged with battery on a peace officer in relation to this incident, and reports noted that plaintiff had head-butted Young.  Plaintiff denies doing so, and notes that defendant Edignton, who witnessed everything, did not state in his report that plaintiff head-butted Young.  Plaintiff claims that defendant Heintscher did not allow Edington's report to be considered in the disciplinary proceedings.  Plaintiff does not allege what consequences he faced, if any, as a result of the disciplinary proceedings.

Plaintiff claims that other defendants had reason to know that Young and Gomez beat plaintiff up for no reason.  Plaintiff does not allege how these defendants caused any violation of his federal rights.

Further, plaintiff claims that defendants Young, Gomez, Rocha, and Merriweather submitted false reports to the District Attorney's office to charge plaintiff with battery on a peace officer. Plaintiff does not allege whether criminal charges were ever filed against him.

It not clear whether the following relates to the incident involving Young and Gomez, or to a new incident, but the complaint also alleges that plaintiff was placed in a cell with urine and feces, and that plaintiff did not lunge toward Klippinger, who is not identified as a defendant.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional

1    deprivation or a causal connection between the defendant's wrongful conduct and the alleged

2    constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

3    *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

4    theory that the official is liable for the unconstitutional conduct of his or her subordinates.

5    *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is

6    inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant,

7    through the official's own individual actions, has violated the Constitution."  *Id.*   To the extent

8    plaintiff names individuals as defendants solely because they somehow knew that plaintiff had

9    been beaten up, he fails to state a claim.

10       The Eighth Amendment protects prisoners from inhumane methods of punishment and

11   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

12   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

13   only those deprivations denying the minimal civilized measure of life's necessities are

14   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

15   503 U.S. 1, 9 (1992).

16       "[W]henever prison officials stand accused of using excessive physical force in violation

17   of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was

18   applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

19   cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  While malicious and sadistic uses

20   of force always violate contemporary standards of decency, not every "malevolent touch" by a

21   prison guard is actionable as an Eighth Amendment violation.  *Id.* at 9.  "The Eighth

22   Amendment's prohibition of cruel and unusual punishment necessarily excludes from

23   constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

24   of a sort repugnant to the conscience of mankind."  *Id.* at 9-10 (internal quotation marks and

25   citations omitted).  The following factors are relevant to a determination of whether a use of

26   force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship

4

1    between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent

2    of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and

3    (5) any efforts made to temper the severity of the forceful response.  *Whitley v. Albers*, 475 U.S.

4    312, 321 (1986).  The complaint fails to set forth sufficient factual matter to state a cognizable

5    claim of cruel and unusual punishment.

6         Prisoners have no constitutionally guaranteed right to be free from false accusations of

7    misconduct, so the mere falsification of a report does not give rise to a claim under § 1983.  *See*

8    *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 952

9    (2nd Cir. 1986).

10        To state a claim for the deprivation of procedural due process, plaintiff must allege a

11   defendant deprived him of a liberty interest.  "[T]he Constitution itself does not give rise to a

12   liberty interest in avoiding transfer to more adverse conditions of confinement."  *Wilkinson v.*

13   *Austin*, 545 U.S. 209, 221 (2005).  However, state regulations may create a liberty interest in

14   avoiding restrictive conditions of confinement if those conditions "present a dramatic departure

15   from the basic conditions of [the inmate's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 485

16   (1995). A prisoner facing disciplinary measures and whose liberty interest is threatened is

17   entitled to advance written notice of the charge against him as well as a written statement of the

18   evidence relied upon by prison officials and the reasons for any disciplinary action taken.  *See*

19   *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974).  An inmate also has a right to a hearing at which

20   he may "call witnesses and present documentary evidence in his defense when permitting him to

21   do so will not be unduly hazardous to institutional safety or correctional goals."  *Id.*, 418 U.S. at

22   566. *See also Ponte v. Real*, 471 U.S. 491, 495 (1985).  The complaint fails to set forth sufficient

23   factual matter to state a cognizable due process claim.

24        As a general rule, a challenge in federal court to the fact of conviction or the length of

25   confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

26   *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Where, "success in a . . . [section] 1983 damages

1  action would implicitly question the validity of conviction or duration of sentence, the litigant

2  must first achieve favorable termination of his available state, or federal habeas, opportunities to

3  challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751

4  (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  The Ninth Circuit Court of Appeals has

5  clarified that application of *Heck*'s favorable termination rule "turns solely on whether a

6  successful § 1983 action would necessarily render invalid a conviction, sentence, or

7  administrative sanction that affected the length of the prisoner's confinement." *Ramirez v.*

8  *Galaza*, 334 F.3d 850, 856 (9th Cir. 2003).

9        Here, the excessive force and due process claims, if successful, may affect the length of

10  plaintiff's current confinement.  It is not clear from the complaint whether plaintiff was

11  criminally charged with battery on a peace officer and if so, whether or not he was convicted and

12  sentenced to an additional state prison term.  However, exhibits to the complaint suggest that the

13  prison disciplinary proceedings may have resulted in a loss of good time credits.  If plaintiff is

14  serving a determinate sentence, then the resulting loss of good time credits necessarily affects the

15  length of plaintiff's sentence.  Plaintiff is hereby informed that if success on his excessive force

16  or due process claims would render invalid the results of his disciplinary proceedings or criminal

17  conviction, and also affect the length of his confinement, then his section 1983 claims are barred

18  until plaintiff first invalidates the results of those proceedings.  *See Wilkinson v. Dotson*, 544

19  U.S. 74, 81-82 (2005) (citing *Heck*, 512 U.S. 477).

20        Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

21  cognizable legal theory against a proper defendant, as well as sufficient facts in support of that

22  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

23  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

24  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

25  shall clearly set forth the claims and allegations against each defendant.  Any amended

26  complaint must cure the deficiencies identified above and also adhere to the following

1   requirements:

2         Any amended complaint must be complete in itself without reference to any prior

3   pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

4   plaintiff files an amended complaint, the original pleading is superseded.

5         In an amended complaint, plaintiff must include a complete list of all intended

6   defendants.  Plaintiff must also identify as a defendant only persons who personally participated

7   in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588

8   F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

9   right if he does an act, participates in another's act or omits to perform an act he is legally

10   required to do that causes the alleged deprivation).

11         Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an

12   amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

13   complaints).

14         The court notes that plaintiff's complaint relates to events that allegedly occurred less

15   than two months before it was filed on August 24, 2011.  *See* Dckt. No. 1.  The Prison Litigation

16   Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be

17   brought with respect to prison conditions under section 1983 of this title, or any other Federal

18   law, by a prisoner confined in any jail, prison, or other correctional facility until such

19   administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This

20   requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);

21   *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

22   making exhaustion a precondition to judgment, but it did not.  The actual statue makes

23   exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an

24   action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. §

25   1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050

26   (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before

filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

By signing an amended complaint, plaintiff certifies that his claims are warranted by existing law, including the law that he properly exhaust available administrative remedies. Plaintiff is hereby warned that for violation of this rule, he risks dismissal of this action.

Accordingly, the court hereby orders that the complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim.

Dated: April 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE