IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMONT L. CALHOUN,

       Plaintiff,                      No. 2:11-cv-2239 GEB EFB P

    vs.

GOMEZ, et al.,

       Defendants.           FINDINGS AND RECOMMENDATIONS
_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

**I.    Background**

      On April 17, 2012, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Dckt. No. 7. In doing so, the court dismissed the complaint with leave to amend and noted the following:

> [P]laintiff's complaint relates to events that allegedly occurred less than two months before it was filed on August 24, 2011. See Dckt. No. 1. The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

> other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
>
> * * *
>
> By signing an amended complaint, plaintiff certifies that his claims are warranted by existing law, including the law that he properly exhaust available administrative remedies. Plaintiff is hereby warned that for violation of this rule, he risks dismissal of this action.

Dckt. No. 7 at 7-8.  Thereafter, plaintiff requested an extension of time to file his amended complaint, apparently on the ground that his administrative appeal had not yet been resolved at the final level of review.  The court granted plaintiff's request for an extension of time, but cautioned plaintiff "that if he had not exhausted his administrative remedies prior to commencing this action in August, he may file *a new action* upon completion of the exhaustion process." Dckt. No. 10 (emphasis added).  The court further informed plaintiff that he risked "dismissal of this action for failure to exhaust administrative remedies if administrative remedies remained available to plaintiff *prior to commencing this action*." *Id.* (emphasis added).  Now before the court is plaintiff's amended complaint.

## II.     Amended Complaint

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's amended complaint pursuant to § 1915A.  Because plaintiff did not exhaust available administrative remedies prior to commencing this action, the court finds that this action must be dismissed. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198. *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.1(b).

According to the amended complaint, plaintiff's claims are based on an alleged use of excessive force on or around June 16, 2011. *See* Dckt. No. 11. Plaintiff checked the boxes on his form complaint indicating that the administrative exhaustion process is completed and in

3

doing so, referred to "Exhibit - 00." On the cover page of Exhibit - 00, plaintiff wrote, "The 602 Appeal Process Completed Here." Dckt. No. 11, Ex. 00. Exhibit - 00 includes copies of the administrative appeal that plaintiff filed regarding the excessive force allegations made in the amended complaint. Included in Exhibit - 00 is a June 14, 2012 decision denying plaintiff's administrative appeal at the Director's Level of Review. *Id.* Thus, it is apparent that in August of 2011, when plaintiff commenced this suit, administrative relief remained available to plaintiff. *See Rhodes*, 621 F.3d at 1005 ("[A] prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court."). As plaintiff is aware, the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims, even if the prisoner exhausts his administrative remedies while his case is pending." *Rhodes*, 621 F.3d at 1004 (citing *McKinney*, 311 F.3d at 1199). Because plaintiff effectively concedes that he did not exhaust available administrative remedies before commencing this action, this case must be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE